UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA ROBERTS, | No. 2:12-cv-2506 CKD |
| Plaintiff, | |
| v. | ORDER |
| KAISER FOUNDATION HOSPITAL, et al., | |
| Defendants. | |

Defendants have submitted a bill of costs in the amount of $7,150.21, to which plaintiff objects. Plaintiff contends that costs should not be awarded to defendants because she cannot afford the cost bill and because awarding costs would have a chilling effect. Alternatively, plaintiff argues that the costs should be partially refused because not all of the costs meet the statutory criteria for award. Plaintiff has submitted a supplemental affidavit regarding her costs of living, income, assets, and debts.

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs--other than attorney's fees--should be allowed to the prevailing party." The "rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican–American Educ. v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000). This discretion, however, is not without limits. "A district court must 'specify reasons' for its

1 refusal to award costs." Id. Costs are properly denied when a plaintiff "would be rendered indigent should she be forced to pay" the amount assessed. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1080 (9th Cir. 1999). An additional factor that is appropriately considered in determining whether costs should be awarded is the potential chilling effect that the imposition of high costs may have on future litigants of modest means. Id.

In this case, plaintiff has provided a supplemental affidavit regarding her financial resources. Plaintiff states, under penalty of perjury, that she receives monthly Social Security disability benefits in the amount of $1,334 and has $2,000 in her bank account. Plaintiff's monthly costs of living, including rent, car insurance, transportation costs total approximately $850. Plaintiff also has credit card debt in the amount of $18,000 and is in collection proceedings relative to that debt. Due to plaintiff's receipt of disability benefits, it is unlikely plaintiff will secure employment in the near future. In light of plaintiff's present debt burden, the court finds that an award of costs in the amount claimed by defendants would likely render plaintiff indigent.

In addition, in pressing her claims under the ADA and FEHA, plaintiff raised significant legal issues regarding appropriate accommodations and engagement with plaintiff in the interactive process. Although the court ultimately found that plaintiff had a failure of proof and summary judgment was granted for defendants, an award of significant costs against plaintiff in the circumstances presented here could deter other litigants with limited financial resources from pursuing similar, but meritorious, claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to defendants' bill of costs are sustained.

2. Defendants' request to recover their costs in this matter is denied.

Dated: March 13, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 roberts.taxcosts